# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MATICHAK | ) |
|                Plaintiff | ) |
| v. | ) NO. |
| M. A. MORTENSON COMPANY individually and d/b/a MORTENSON CONSTRUCTION; NEXCORE GROUP LP; NEXCORE PROPERTIES LLC; | ) ) ) ) Trial by Jury Demanded |
|                Defendants | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DAVID MATICHAK, by his attorneys HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants M. A. Mortenson Company individually and d/b/a Mortenson Construction, NexCore Group, LP, and NexCore Properties LLC, alleges as follows:

## NATURE OF THE CASE

1. This is an action for personal injuries Plaintiff sustained while working at Defendants' construction job and which resulted from Defendants' negligence. The complaint seeks money damages to compensate Plaintiff for his damages and injuries.

## THE PARTIES

2. Plaintiff David Matichak is a resident of the City of Joliet, Illinois.

3. Defendant M. A. Mortenson Company individually and d/b/a Mortenson Construction is a corporation located in the State of Minnesota with its principal place of business in Minneapolis, Minnesota.

4. Defendant NexCore Group, LP is a corporation located in the State of Colorado with its principal place of business in Denver, Colorado.

5. Defendant NexCore Properties LLC is a corporation located in the State of Colorado with its principal place of business in Denver, Colorado.

## JURISDICTION AND VENUE

6. The jurisdiction of this court is properly invoked pursuant to 28 U.S.C. §1332 based on diversity of citizenship and the amount in controversy, which exceeds $75,000.

7. Venue in this court is proper pursuant to 28 U.S.C. §1391(b) because Plaintiff's claim arises out of incidents which occurred in this judicial district.

## CONSTRUCTION NEGLIGENCE CLAIM

8. Plaintiff hereby repeats and re-alleges paragraphs 1-7 above as if fully set forth herein.

9. That on or about and before August 11, 2009, the Defendants, individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal and/or painting of a certain building or other structure located at approximately 1890 Silver Cross Blvd., New Lenox, State of Illinois.

10. That at the aforementioned time and place there was, in force and effect, a contract between the Defendants and Area Erectors.

11. That at the aforementioned time and place, the Plaintiff was employed by Area Erectors on said premises in the furtherance of the aforesaid work.

12. That at the aforesaid time and place and prior thereto, the Defendants, individually and through agents, servants and employees, were present during the course of such installation of pipeline. Further, the Defendants, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work

methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the Defendants, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner, or for any other reason. Furthermore, at that time and place, the Defendants, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices, and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

13. That at the aforesaid time and place, and prior thereto, the Defendants, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, certain beam, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal and/or painting.

14. That the aforesaid Defendants had a duty to exercise reasonable care for the safety of the Plaintiff.

15. That the aforesaid Defendants had a direct duty and a derivative duty pursuant to Restatement (Second) of Torts § 414 (1965) and each of its subparts.

16. That the aforesaid Defendants had a duty to comply with the Restatement (Second) of Torts § 343 (1965) and each of its subparts.

17. That the aforesaid Defendants were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Failed to maintain the aforementioned premises in a condition that was reasonably safe for use by Plaintiff and/or persons of Plaintiff's class;

   b) Failed to provide Plaintiff with a safe place within which to work;

   c) Failed to erect, place or operate and/or control the beam in a safe, suitable and proper manner so as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing over or by the same;

   d) Failed to provide a safe means of working with iron/steel beams;

   e) Failed to provide adequate tools, tag lines, and/or support(s) to assist in moving and/or connecting said beam;

   f) Allowed for said work without adequate staffing of the job;

   g) Failed to adequately provide for a proper signal man;

   h) Permitted to exist an unsafe means of moving and/or connecting said beams;

   i) Failed to adequately coordinate the movement and/or connection of said beams;

   j) Failed to provide a proper fall protection;

   k) Permitted retractables to be utilized improperly;

   l) Failed to take reasonable measures, *i.e.*, conduct safety meetings, or provide a forum in which safety issues could be addressed, to prevent each of the aforementioned a-k;

   m) Failed to adequately supervise to prevent each of the aforementioned a-k;

   n) Failed to adequately inspect to prevent each of the aforementioned a-k;

   o) Failed to warn to prevent each of the above allegations, a-k;

- p) Failed to adequately train to correct, maintain and/or prevent each of the above allegations, a-k;

- q) Failed to have an adequate policy to correct, maintain and/or prevent each of the above allegations, a-k;

- r) Failed to adequately preplan and/or sequence the work to prevent the above allegations, a-k;

- s) Failed to provide adequate protocol and/or job site rules to prevent the above allegations, a-k; and

- t) Defendants' acts and omissions as alleged above, a-k, placed Plaintiff and others in a position of peril.

18. That at said time and place, Plaintiff was injured.

19. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendants was a proximate cause of said occurrence and Plaintiff's personal injuries as hereinafter mentioned.

20. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants, the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; the Plaintiff further expended and became liable for vand will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

/s/Clifford W. Horwits

Clifford W. Horwitz
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312-372-8822)
Email: office@horwitzlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN GREEN )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC.; )<br>TRI-C CONSTRUCTION CO., INC.; )<br>)<br>Defendants ) | NO. |

## **JURY DEMAND**

The undersigned demands a jury trial.

/s/Clifford W. Horwits

Clifford W. Horwitz
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312-372-8822)
Email: office@horwitzlaw.com