UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MATICHAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 9187 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| M.A. MORTENSON COMPANY | ) | |
| d/b/a MORTENSON CONSTRUCTION, | ) | |
| and SCHUFF STEEL CO., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Matichak ("Matichak") filed suit against defendants M.A. Mortenson Company (d/b/a Mortenson Construction) ("Mortenson") and Schuff Steel Co. ("Schuff") after he was injured at a construction site. When defendants realized that Matichak had filed for bankruptcy without scheduling his claims in this case, they moved for summary judgment.

Before the Court are defendants' motions for summary judgment, plaintiff's motion to strike defendants' motions and plaintiff's motion to amend the complaint in order to change the caption. For the reasons set forth below, each of these motions is denied.

### I.  Background

The following facts are undisputed, unless otherwise noted.

In his complaint, plaintiff Matichak alleged that he was injured on August 11, 2009 when he was struck by a beam at a construction site.

On September 14, 2010, Matichak and his then-wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. In the petition,

Matichak did not disclose the existence of the claims at issue in this case. On December 21, 2010, the bankruptcy court granted the Matichaks an order of discharge, and on December 27, 2010, the bankruptcy court closed the petition and discharged the trustee.

Matichak filed this suit on December 27, 2011.

## II. Discussion

Both defendants move for summary judgment on the grounds that Matichak lacks standing to sue and is estopped from pursuing these claims. They are right, but it does not entitle them to summary judgment.

Defendants are correct that a claimant who failed to schedule his claim in bankruptcy is judicially estopped from pursuing the claim in federal court. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). But, the claim is no longer Matichak's; it belongs to the trustee. In a nutshell:

> Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes*, 453 F.3d at 448. The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue. *Cannon-Stokes*, 453 F.3d 448; *Biesek*, 440 F.3d at 413. Moreover, if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. 11 U.S.C. § 554(d); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

*Matthews v. Potter*, 316 Fed.Appx. 518, 2009 WL 741875 at *3 (7th Cir. 2009).

So, the trustee is the real party in interest. Matichak's counsel informed the Court on October 3, 2013 that the trustee wants to pursue the claim and has hired Matichak's counsel to do so. Therefore, the caption shall be changed to reflect that the real party in interest is Peter N.

Metrou, as trustee for the bankruptcy estate of David Matichak. Fed.R.Civ.P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.")

The defendants also argue that they are entitled to summary judgment on the grounds of judicial estoppel. The trustee, though, is not judicially estopped from pursuing the claim. *Cannon-Stokes*, 453 F.3d at 448 ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied"). Defendants do not argue that the trustee engaged in contradictory legal tactics. Accordingly, defendants' motions for summary judgment are denied.

Plaintiff's motion to strike the motions for summary judgment is denied as moot. Because the Court has ordered that the caption be changed, plaintiff's motion for leave to amend is denied.

### III. Conclusion

For the reasons set forth above, the Court denies defendants' motions [102, 105] for summary judgment, denies plaintiff's motion [110] to strike and denies plaintiff's motion [115] for leave to amend. The Court orders the clerk to change the caption to substitute the real party in interest (Peter N. Metrou, as trustee for the bankruptcy estate of David Matichak) for plaintiff Matichak.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: May 15, 2014