**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER METROU, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 9187 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| M.A. MORTENSON COMPANY | ) | |
| d/b/a MORTENSON CONSTRUCTION, | ) | |
| and SCHUFF STEEL CO., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter N. Metrou ("Metrou" or the "Trustee"), as trustee of the bankruptcy estate of David Matichak ("Matichak"), has claims against defendants M.A. Mortenson Company (d/b/a Mortenson Construction) ("Mortenson") and Schuff Steel Co. ("Schuff"). Originally, Matichak was the plaintiff, but the Court substituted Metrou as plaintiff after: (1) defendants filed a motion for summary judgment in which they argued, among other things, that Matichak lacked standing; and (2) the Trustee informed the Court that he planned to pursue the case on behalf of the creditors. Defendants have now asked the Court to limit their liability in this case and to rule that Matichak is judicially estopped from receiving any proceeds from this case. For the reasons set forth below, the Court grants in part and denies in part defendants' motions.

**I.     Background**

The following facts are undisputed, unless otherwise noted.

In his second-amended complaint against defendants Mortenson and Schuff, Matichak alleged that he had been injured on August 11, 2009 when he was struck by a beam at a construction site.

On August 26, 2010, Matichak retained the law firm Parente & Norem to represent him. On or about September 8, 2010, Parente & Norem filed with the Illinois Workers' Compensation Commission a workers' compensation claim on Matichak's behalf. Also on September 8, 2010, Parente & Norem sent Mortenson Construction a notice of attorney's lien, which stated:

> You are hereby notified that, DAVID MATICHAK, has placed in my hands as his/her attorney, for suit or collection, a claim demand or cause of action against you growing out of the accident which happened on or about August 11, 2009, and has contracted with and agreed to pay me as a fee for my services in the matter a sum of money equal to 33 1/3% of whatever amount may be recovered therefrom by settlement, suit or otherwise and that I claim a lien upon said claim, demand or cause of action for such fee.

On September 14, 2010, Matichak and his then-wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. In connection with his bankruptcy, Matichak was represented by Scott L. Bedford. In the bankruptcy petition, Matichak did not disclose the existence of the claims at issue in this case. Matichak did, however, disclose his workers' compensation claim, which he valued at $7,500.00. On December 21, 2010, the bankruptcy court granted the Matichaks an order of discharge, and on December 27, 2010, the bankruptcy court closed the petition and discharged the trustee. The deadline for the trustee and creditors to ask a court to revoke the discharge was December 26, 2011. 11 U.S.C. § 727(e)(1). The next day, on December 27, 2011, Matichak filed this suit, although his lawyer says the timing was a coincidence.

The attorneys (Horwitz, Horwitz & Associates) who filed this suit on Matichak's behalf were not the attorneys who originally filed Matichak's workers' compensation claim and the lien with Mortenson. Horwitz, Horwitz & Associates replaced Matichak's original injury attorneys no later than April 12, 2011, the date on which Horwitz, Horwitz & Associates filed a stipulation

with the Illinois Workers' Compensation Commission to substitute as Matichak's attorney. A "couple of months" before Matichak filed his suit in this case, Horwitz, Horwitz & Associates told Matichak that it intended to file suit against Mortenson. Before that time, the claim was not "economically viable due to the high cost of litigation."

Defendants learned of Matichak's bankruptcy discharge on May 23, 2013, when they deposed him. At his deposition, Matichak was asked the following questions and gave the following answers:

> Q: In regards to Mortenson, you criticized them for not requiring your tie-on to be above your head. Did you form this opinion shortly after this accident, was it six months later? When was it in relationship to time?
>
> A: It was after the accident.
>
> Q: Do you know how long after?
>
> A: Within a day or two.

(Matichak Dep. at p. 202).

On June 27, 2013, defendant Schuff moved for summary judgment, and on July 10, 2013 Mortenson moved for summary judgment. Each defendant argued that Matichak lacked standing to pursue the claims in this case and that Matichak was judicially estopped from pursuing his claims. Within weeks, on July 26, 2013, Matichak moved to reopen his bankruptcy case.

**II.     Discussion**

When the Court denied defendants' prior motions for summary judgment, the Court explained:

> Defendants are correct that a claimant who failed to schedule his claim in bankruptcy is judicially estopped from pursuing the claim in federal court.

> *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). But, the claim is no longer Matichak's; it belongs to the trustee. In a nutshell:
>
>> Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes*, 453 F.3d at 448. The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue. *Cannon-Stokes*, 453 F.3d 448; *Biesek*, 440 F.3d at 413. Moreover, if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. 11 U.S.C. § 554(d); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).
>
> *Matthews v. Potter*, 316 Fed.Appx. 518, 2009 WL 741875 at *3 (7th Cir. 2009).
>
> So, the trustee is the real party in interest. Matichak's counsel informed the Court on October 3, 2013 that the trustee wants to pursue the claim and has hired Matichak's counsel to do so. Therefore, the caption shall be changed to reflect that the real party in interest is Peter N. Metrou, as trustee for the bankruptcy estate of David Matichak. Fed.R.Civ.P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.")
>
> The defendants also argue that they are entitled to summary judgment on the grounds of judicial estoppel. The trustee, though, is not judicially estopped from pursuing the claim. *Cannon-Stokes*, 453 F.3d at 448 ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied"). Defendants do not argue that the trustee engaged in contradictory legal tactics. Accordingly, defendants' motions for summary judgment are denied.

(Docket entry 140 at 2-3).

Both defendants now ask the Court to hold that *Matichak* is judicially estopped from receiving any recovery beyond that which is required to pay the creditors. Defendants also ask that their liability be limited. Essentially, defendants are asking for reconsideration of their prior

motions for summary judgment, although they have labeled their requests as motions for "summary adjudication."[1]

In *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), the Seventh Circuit held that a debtor who concealed a claim on her bankruptcy petition could not pursue the claim after the discharge. There, the Seventh Circuit explained:

> It is impossible to believe that such a sizeable claim--one central to her daily activities at work--could have been overlooked when [plaintiff] was filling in the bankruptcy schedules. And if [plaintiff] were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery.

*Cannon-Stokes*, 453 F.3d at 449.

Here, the Court agrees that Matichak is judicially estopped from recovering on the claims against defendants in this case. It is clear that Matichak failed to schedule the claim when he filed his bankruptcy petition. Yet, it is also clear that he was aware of the facts supporting the claim. Within two days after the accident, Matichak had concluded that Mortenson was partially at fault for his accident. The same day Matichak's original injury attorney filed a workers' compensation claim on Matichak's behalf, the attorney also sent a notice of attorney's lien to Mortenson. The notice informed Mortenson that Matichak had a cause of action against Mortenson arising out of the August 9, 2009 accident and that Matichak had agreed to give his

---

[1]Because defendants' motions are essentially seeking reconsideration of the Court's denial of their earlier motions for summary judgment, the Court considers the statements of fact they put forth in their original motions for summary judgment and plaintiff's responses thereto. Plaintiff seems to have recognized that these are motions for summary judgment, because plaintiff filed a statement of facts with its response to these motions. Defendants did not respond to plaintiff's statement of facts, so those facts are deemed admitted, pursuant to Local Rule 56.1.

attorney 1/3 of any recovery for the claim. So, Matichak was aware of his claim, even if he did not know until much later that the claim would actually be filed.

Unlike the plaintiff in *Cannon-Stokes*, Matichak eventually reopened his bankruptcy case in order to schedule the claims at issue in this case. Matichak did not, however, do so until after defendants moved for summary judgment on the estoppel issue. This Court agrees with the courts which have held that plaintiffs are judicially estopped from recovering on a claim when they fail to reopen their bankruptcy petitions to schedule the claim until *after* the defendant moves for summary judgment on the estoppel issue, because to rule otherwise would *encourage* debtors to conceal assets. *Viette v. Hospitality Staffing, Inc.*, Case No. 12 C 2327, 2013 WL 2450101 at *3-4 (N.D. Ill. June 5, 2013) ("Allowing amendment now would not be appropriate because such a ruling would only encourage debtors to conceal assets since they would have an escape hatch if they are caught."); *Esparza v. Costco Wholesale Corp.*, Case No. 10 CV 5406, 2011 WL 6820022 at *4 (N.D. Ill. Dec. 28, 2011) ("We agree with these courts that allowing [plaintiff] to avoid the consequences of her deception by amending her filings only after being caught would diminish the incentive to provide truthful disclosures to the bankruptcy court, and we will not take her amendment into consideration."). The Seventh Circuit seems to agree with this approach as well. *See Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 543-44 (7th Cir. 2014) ("This appeal presents a recurring issue that can arise when a debtor files for bankruptcy protection without disclosing a contingent claim, such as an employment discrimination lawsuit, and later seeks to correct the failure to disclose the claim. . . . The district court granted the employer's motion [for summary judgment], finding that the plaintiff had intended to conceal the claim and tried to correct her failure only after her omission had been caught. If the facts were

as described by the district court, we would affirm."). In *Spaine*, the Seventh Circuit reversed a grant of summary judgment, because plaintiff had put forth an affidavit in which she stated that she had, in fact, told the bankruptcy judge about her claim, which meant the trustee had had the chance to decide the claim's value to the creditors. *Spaine*, 756 F.3d at 547. This case is distinguishable from *Spaine*, because Matichak has not put forth any evidence that, before his discharge, he informed the bankruptcy judge or the trustee about the claims he failed to schedule.

For these reasons, the Court agrees that Matichak is judicially estopped from recovering on these claims.

Defendants, though, wish to take the matter one step further. Defendants would like the Court to rule that their liability in this case is limited to $2,696.12, the most, according to defendants, that the creditors are owed. The Court will not grant defendants such a windfall. To begin with, judicial estoppel is not meant to protect defendants; it is meant to protect courts by raising the cost to parties who take contrary positions in different courts. Furthermore, "[j]udicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit." *Cannon-Stokes*, 453 F.3d at 448. The Trustee put forth an affidavit in which he stated that he is in the process of providing notice to creditors of the re-opened bankruptcy and that the period of time allowed for creditors to file a proof of claim will remain open at his discretion. In other words, it is not clear, as a matter of law, that the creditors' recovery will be limited to $2,696.12. Thus, defendants' motion to limit their liability to that amount is denied.

### III. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motions [145, 147] for summary judgment.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: September 22, 2014